UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MIKE O'LAUGHLIN, et al., | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 4:13 CV 1853 RWS |
| S M MECHANICAL, LLC, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before me on plaintiffs' motion for summary judgment. On February 3, 2014, defendant filed a motion informing the Court that it will not file a substantive response to plaintiff's motion for summary judgment and the allegations therein. Accordingly, I will grant plaintiff's motion.

Plaintiffs bring this action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132, and the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185, seeking to collect delinquent fringe benefit contributions owed to plaintiff funds by defendant. Plaintiffs seek unpaid contributions and union dues for the months of June 2013 through September 2013.

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court views the facts and inferences from the facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ.

P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). At the summary judgment stage, I will not weigh the evidence and decide the truth of the matter, but rather I need only determine if there is a genuine issue for trial. <u>Anderson</u>, 477 U.S. at 249.

Section 502(g)(2) of ERISA provides:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce Section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan -

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of -
>
>> (i) interest on the unpaid contributions,
>>
>> or
>
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed by Section 6621 of Title 26.

29 U.S.C. § 1132(g)(2).

Based on the admissible, undisputed evidence in the record, I find that plaintiffs are entitled to summary judgment against defendant.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for summary judgment [#9] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiffs shall file a Proposed Judgment setting out the total amount due, including attorneys' fees and costs, and an accompanying Memorandum in support of the Proposed Judgment within twenty (20) days of the date of this Order. Defendant may file a response indicating whether they agree or disagree with the proposed form of judgment or the calculations within ten (10) days thereafter.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 6th day of February, 2014.